IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

PATRICK L. SHERMAN,                                                                                      PLAINTIFF
ADC # 096304

v.                                            4:22CV00717-KGB-JTK

DEXTER PAYNE, et al.                                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

**I.      INTRODUCTION**

Patrick L. Sherman ("Plaintiff") is in custody at the Varner Unit of the Arkansas Division of Correction. He filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 1). Plaintiff did not submit a Motion to Proceed In Forma Pauperis. Asking Plaintiff to do so would be futile, because Plaintiff is a "three striker" under the Prison Litigation Reform Act ("PLRA").

## II.     SCREENING

The Court is required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a).[1] Additionally, the PLRA, 28 U.S.C. § 1915(g), provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

Plaintiff has had at least three complaints dismissed for failure to state a claim.[2]  The Court finds that Plaintiff is a "three-striker" within the meaning of the PLRA.  Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

Plaintiff may, however, be permitted to proceed in forma pauperis if he falls under the "imminent danger" exception to the three strikes rule set forth above.  28 U.S.C. §1915(g).  This exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed.  Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).  In the Eighth Circuit, the exception does not apply unless the plaintiff alleges "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

Plaintiff sued 13 Defendants—ranging from the Federal Bureau of Investigation to Lincoln County, Arkansas to Officers at the Varner Unit—alleging violations of Plaintiff's constitutional rights.  (Doc. No. 1).  Plaintiff alleges ADC officials are holding him at gun point and withholding Plaintiff's good-time credit, in violation of Plaintiff's due process rights.  (Id. at 8-9).  Plaintiff explains that he filed grievances about his reduced class and the good-time issue, with no result.  (Id. at 9-13).  Plaintiff also complained to the F.B.I. about this matter.  (Id. at 14-15).  Plaintiff raised other concerns in his Complaint, such as the adequacy of the law library, a wrongful disciplinary, sexual harassment by another inmate that occurred in May 2022, and

---

[2] Sherman v. Rhodes, 5:96CV00365-LPR (E.D. Ark) (dismissed on May 19, 1997; appeal dismissed on Aug. 28, 1997); Sherman v. Norris, 5:97CV00405-DPM (E.D. Ark) (dismissed on Aug. 3, 1998; no appeal filed); Sherman v. Corr. Med. Serv., 5:01CV00161-JM (E.D. Ark) (dismissed Sept. 18, 2001; no appeal filed); Sherman v. Clark County, 6:13CV06126-SOS (W.D. Ark.) (dismissed Jan. 16, 2015; no appeal filed).

complaints about proceedings in the Lincoln County Circuit Court. (Id. at 15-24). Additionally, it took six days before Plaintiff was separated from his cellmate after requesting the other inmate be placed on Plaintiff's enemy list. (Id. at 24). Plaintiff believes the other inmate was not actually placed on Plaintiff's enemy list. (Id.).

Even liberally construing Plaintiff's Complaint, the Court finds Plaintiff's allegations do not support a finding of "ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin, 319 F.3d at 1050. The Court finds Plaintiff's claim that he is being held at gunpoint baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (explaining that clearly baseless facts include those that are fanciful, fantastic, and delusional). While Plaintiff mentioned being sexually harassed by an inmate in May 2022, Plaintiff pleads neither physical harm nor the threat of the event happening again. Further, Plaintiff was separated from the inmate Plaintiff wanted on his enemy list, even if the separation took six days and Plaintiff's belief is that the inmate was not added to Plaintiff's enemy list. The Court notes Plaintiff has not pled that he and the other inmate were in the same vicinity after the separation. And Plaintiff's remaining allegations do not raise concern about imminent danger. As such, Plaintiff's Complaint should be dismissed without prejudice pending payment of the $402.00 filing and administrative fee.

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint be DISMISSED without prejudice.

2. If Plaintiff wishes to continue this case, he be required to submit the statutory filing and administrative fee of $402.00 to the Clerk, noting the above case style and number, within

fifteen (15) days of the date of this Order, together with a motion to reopen the case. Upon receipt of the motion and full payment, the case will be reopened.

      3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 12th day of August, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE